The Honorable Sandy Praeger State Senator, 2nd District State Capitol, Room 128-S Topeka, Kansas 66612
Dear Senator Praeger:
As senator for the second district, you request our opinion on whether the drug utilization services committee (committee) created pursuant to K.S.A. 1992 Supp. 39-7,118 is subject to the Kansas open meetings act (KOMA), K.S.A. 75-4317 et seq.
In your letter of inquiry you have provided background information concerning the committee. K.S.A. 1992 Supp. 39-7,118 requires the department of social and rehabilitation services (SRS) to implement a drug utilization review program with the assistance of a committee of qualified health care providers to assure the appropriate utilization of drugs by patients receiving medical assistance under the medicaid program.
SRS currently has a contract with the Kansas Pharmacy Foundation (Foundation) to administer the Kansas medicaid/mediKan program. According to the contract, the Foundation recommends committee member appointments which recommendations are then subject to the approval of SRS. The committee is composed of 3 physicians, 3 pharmacists, 1 pharmacologist, 1 pharmaceutical chemist, and 1 adult care home registered nurse. A program director, employed by the Foundation, performs the statutory program functions with the assistance of the committee. One of the services to be provided under the statute is drug utilization review. Your inquiry deals with the applicability of the KOMA to the committee.
By its terms the KOMA applies to:
 "all meetings for the conduct of the affairs of, and the transaction of business by, all legislative and administrative bodies and agencies of the state and political and taxing subdivisions, thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending and supported in whole or in part by public funds. . . ." K.S.A. 75-4318(a).
The above language sets forth a two-part test which must be met for a body to be subject to the KOMA: (1) the body is a legislative or administrative agency of the state or one of its political or taxing subdivisions, or is subordinate to such a body; and (2) the body receives, expends, or is supported in whole or in part by public funds, or, in the case of subordinate groups, by a parent or controlling body which is so supported.
The second prong is met because SRS pays compensation to the committee through the Foundation under the terms of the contract. Even if the committee did not receive any governmental funds, we believe it is subordinate to SRS, a state agency which does receive public funds.
Therefore, a critical issue is whether the committee is "a legislative or administrative agency of the state or one of its political or taxing subdivisions, or is subordinate to such a body."
The term "public agency" is not defined in the KOMA, however, prior Kansas Attorney General opinions have identified criteria to be used in determining whether a body is a public agency. Attorney General Opinion No. 87-188 dealt with Project Independence, a private nonprofit corporation managed by Cowley County Developmental Services (CCDS). CCDS is a community based agency licensed by SRS to serve mentally handicapped adults. We stated in Attorney General Opinion No. 87-188 that a private, nonprofit corporation is subject to the KOMA if it receives public funds in its operations and acts as a governmental agency in providing services to the public. We concluded that the board of directors of Project Independence and CCDS are both subject to the KOMA.
In Memorial Hospital Ass'n, Inc. v. Knutson, 239 Kan. 663 (1986), Memorial Hospital Association, a nonprofit corporation operated Memorial Hospital for the county. The hospital and surrounding property were owned by the county and leased to the Association by the Board of Trustees of memorial Hospital. The trustees, appointed by the county commissioners, received the county mill levy funds designated for hospital maintenance and capital improvements and determined how the funds were to be spent for these purposes. 239 Kan. at 664-65. The Kansas Supreme Court ruled the association was not subject to the act, however the trustees were required to comply with the KOMA.
 "Courts have found two types of entities, whatever form they may take, which are not subject to the open meetings laws: (1) those which are merely advisory and have no decision-making authority, and (2) those which are basically independent entities which have some connection, by contract or other tie to a government entity, but are not actually created by some form of government action." Memorial Hospital Ass'n, 239 Kan. at 671.
The committee in question was created by SRS pursuant to statute in order to assist SRS in implementing a drug utilization review program, and certainly has decision-making authority. Although SRS has delegated responsibilities to the Foundation through the contract, the agreement states that "primary and overall responsibility for administration of the Kansas Medicaid Program shall remain with SRS."
It is our opinion that the committee which assists SRS in providing statutory services to the public is subject to the KOMA.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas